IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| IN RE: ROGER NEIL WELLS, | ) | CHAPTER 11 |
|  | ) |  |
|  | ) | CASE NO.  04-75100 |
| Debtor | ) |  |
|  | ) | MEMORANDUM DECISION |
|  | ) |  |

_____

   This case is before the Court upon the United States Trustee's Motion to Convert this Chapter 11 case to Chapter 7, which was heard on February 23, 2005 and taken under advisement at that time.  At that time the Debtor's Objection filed on that date to the hearing of the motion at such hearing was denied.  The principal grounds stated in the written Motion are alleged loss to creditors and the estate while the Debtor continued in Chapter 11 and the lack of income or other prospects to suggest any likelihood of a successful reorganization.

   Dismissal or conversion of a Chapter 11 case before the Debtor is accorded a reasonable opportunity to propose and seek confirmation of a plan is a very serious step for a bankruptcy court to take and should occur only when the importance of doing so is both evident and compelling.  For example, the Fourth Circuit Court of Appeals has held that a Chapter 11 case may be dismissed on the ground of lack of good faith in filing only after the Court finds both subjective bad faith on the part of the debtor **and** objective futility of any possible reorganization.  *Carolin Corp. v. Miller, 886 F.2d 693, 700-01 (4th Cir. 1989).*  Furthermore, it is well recognized that a permissible use of Chapter 11 is to propose an orderly plan of liquidation. **11 U.S.C. § 1123(b)(4);**  7 **Collier on Bankruptcy** ¶ 1123.02[4] at p. 1123-23 (15th ed. rev.).  In this case the Debtor has already proposed a sale of two parcels of property and distribution of

proceeds to the priority lien creditor which proposal is supported by that creditor. It may well be that the Debtor may propose a plan involving a liquidation of some of his assets and a reorganization of the remainder. In any event the Court concludes that it too early upon the showing made so far to pull the plug before the Debtor has a reasonable opportunity to demonstrate that he is serious and proceeding in good faith in Chapter 11.

After consideration of the evidence offered by the United States Trustee, the Court finds that it falls short of showing that the Debtor has failed to comply with the Court's orders, or that the estate or the Debtor's creditors are at substantial risk of loss by reason of absence of casualty insurance or otherwise during a reasonable period of time for the Debtor to investigate and propose a plan of reorganization or orderly liquidation, or that the petition was filed in bad faith, or that there is no reasonable possibility that the Debtor can propose a meaningful and confirmable plan of reorganization or liquidation. Counsel for the United States Trustee and counsel for one of the secured creditors who appeared at the hearing suggested that because in their view the Debtor's prospects for a successful reorganization are meager, the secured creditors were suffering loss by reason of the delay in the liquidation of their collateral due to the existence of the automatic stay. The Court concludes, however, that such economic loss is not the type of "continuing loss to or diminution of the estate" contemplated by 11 U.S.C. § 1112(b)(1). The Supreme Court in its opinion in the case of *United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988) held that an undersecured creditor is not entitled to adequate protection in the nature of interest or "loss-opportunity cost" of the value of its secured claim from the date of filing to the effective date of a plan of reorganization. Although such a loss or cost may be very real, it is part of the price which must be paid under the statutes adopted by Congress to encourage successful reorganization of failed enterprises.

The two most serious matters covered at the hearing, at least in the Court's view, were the status of the Debtor's mother as an unperfected and unscheduled creditor of the estate holding car titles signed by the Debtor and delivered to her, and certain possible misrepresentations made by the Debtor in his capacity as debtor-in-possession to a real estate agent. Neither of these was set forth as a ground for conversion in the Motion before the Court. The first of these issues has been dealt with by the Debtor filing amended schedules to reflect his mother as a general unsecured creditor of the estate holding no security interest in the Debtor's motor vehicles. The second of such issues is not cause, in the Court's view, to convert the case to Chapter 7, but might constitute grounds for appointment of an examiner or trustee pursuant to 11 U.S.C. § 1104. Accordingly, the United States Trustee's Motion to Convert will be denied by a separate order to be entered contemporaneously with the signing of this Decision without prejudice to a refiling thereof if circumstances in the case should warrant the same and without prejudice to the United States Trustee's right to move for the appointment of a receiver or trustee pursuant to 11 U.S.C. § 1104(a).

This 4th day of March, 2005.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE